**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PIVITAL IP LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-2176-LPS |
| | : | |
| ACTIVECAMPAIGN, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| PIVITAL IP LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 20-254-LPS |
| | : | |
| TWILIO INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| INTERDIGITAL TECHNOLOGY, | : | |
| CORPORATION, IPR LICENSING, INC., | : | |
| INTERDIGITAL COMMUNICATIONS, INC., | : | |
| INTERDIGITAL HOLDINGS, INC., | : | |
| and INTERDIGITAL, INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 19-1590-LPS |
| | : | |
| LENOVO HOLDING COMPANY, INC., | : | |
| LENOVO (UNITED STATES) INC. | : | |
| and MOTOROLA MOBILITY LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| MENTONE SOLUTIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |

|                                            |   |                       |
|--------------------------------------------|---|-----------------------|
| v.                                         | : | C.A. No. 20-280-LPS   |
| DIGI INTERNATIONAL INC.,                   | : |                       |
|     Defendant.         | : |                       |
|                                            |   |                       |
| MENTONE SOLUTIONS LLC,                     | : |                       |
|     Plaintiff,         | : |                       |
| v.                                         | : | C.A. No. 20-281-LPS   |
| ELO TOUCH SOLUTIONS, INC                   | : |                       |
|     Defendant.         | : |                       |

## **ORDER**

WHEREAS, the Court has received numerous motions challenging whether one or more patents asserted in the above-captioned actions seek to claim subject matter that is not eligible for patentability (see 35 U.S.C. § 101) (hereinafter, "101 Motions");

WHEREAS, the Court believes certain efficiencies in resolving 101 Motions are attainable by hearing argument on multiple such motions at essentially the same time;

WHEREAS, the Court seeks to use its limited resources, including the efforts of its Magistrate Judges, in a manner that may promote "the just, speedy, and inexpensive determination of every action and proceeding" (Fed. R. Civ. P. 1);

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court will hear argument on the following 101 Motions at a combined hearing on July 14, 2020 from 10:00 am to 5:00 pm.:

    a. *Pivital IP LLC v. ActiveCampaign*, LLC, C.A. No. 19-2176 D.I. 10 (Motion to Dismiss)

b. *Pivital IP LLC v. Twilio Inc.*, C.A. No. 20-254 D.I. 10 (Motion to Dismiss)

c. *InterDigital Technology Corporation et al. v. Lenovo Holding Co. Inc. et al.*, C.A. No. 19-1590 D.I. 22 (Motion to Dismiss)

d. *Mentone Solutions LLC v. Digi International Inc.*, C.A. No. 20-280 D.I. 9 (Motion to Dismiss)

e. *Mentone Solutions LLC v. Elo Touch Solutions, Inc.*, C.A. No. 20-281 D.I. 10 (Motion to Dismiss)

2. This hearing is tentatively scheduled to be held in Courtroom 6B. Chief Judge Stark and Magistrate Judge Hall will preside jointly. The Court is hopeful it will be able to safely be in the courtroom on the scheduled date. If this is not possible, the hearing will be held remotely via teleconference or videoconference. Regardless of how the hearing is conducted, the parties shall submit electronic versions of any slides or other demonstrative materials they may refer to by no later than 4:00 p.m. the day before the hearing.

3. Each party in each of the above-captioned actions must be represented by at least one attorney for the entire duration of the hearing. The Court may call for argument on any of the 101 Motions at any time during the hearing.

4. No later than June 29, 2020, each party in each of the above-captioned actions shall file a letter brief, not to exceed three (3) pages, responding to the questions in the attached Section 101 Motions Pre-Hearing Checklist.

May 27, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Section 101 Motions Pre-Hearing Checklist

The Court will be hearing oral argument on a motion to dismiss and/or motion for judgment on the pleadings which seeks a ruling that one or more claims of the patent(s)-in-suit is not eligible for patenting due to its subject matter. To assist the Court in preparing for the hearing, each party shall file a letter brief, not to exceed three (3) pages, responding to the following:

1. (a) What claim (s) is/are representative?
   (b) For which claim(s) must the Court determine eligibility?

2. (a) Is claim construction necessary before patentability can be decided?
   (b) If so, which term(s) must be construed?
   (c) What are your proposed constructions for the term(s) you contend must be construed?

3. If you are contending that factual dispute(s) should cause the Court to deny the motion, identify with specificity such factual dispute(s).

4. (a) Are there materials other than the complaint/answer and the intrinsic patent record (i.e., the patent and prosecution history) that you contend the Court should consider in evaluating the motion?
   (b) If so, identify those materials and the basis on which the Court may properly consider them at this stage.

5. What Supreme Court or Federal Circuit case is this case most like? That is, if the Court is to analogize the claims at issue in the motion to claims that have previously been found to be patent (in)eligible by a higher court, which case provides the best analogy?

6. Why should/shouldn't the Court deny the motion without prejudice to renew at a later stage of this litigation?